UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY BROWN, | No. 2:17-cv-0177 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| J. CISNEROS, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action. Plaintiff alleges defendant used excessive force against him in violation of the Eighth Amendment. Before the court are plaintiff's requests for appointment of counsel, appointment of an outside doctor, and discovery. For the reasons set forth below, the court denies each request.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff seeks the appointment of counsel on the grounds that he has no money to hire an attorney, litigating this action is difficult due to his incarceration and lack of legal education, and the issues in this case are complex, particularly if the case goes to trial. (ECF No. 26.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

## MOTION FOR APPOINTMENT OF OUTSIDE DOCTOR

Plaintiff asks the court to appoint a doctor outside the prison system to examine him and testify to plaintiff's injuries from defendant's actions. (ECF No. 28.) Plaintiff simply states that he feels his right to "fair and complete litigation" requires appointment of an "impartial" doctor.

**I.     Legal Standards**

Pursuant to Federal Rule of Evidence 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue...." The Court has discretion to appoint a neutral expert pursuant to Rule 706(a) of the Federal Rules of Evidence. See Students of California Sch. for the Blind v. Honig, 736 F.2d 538, 549 (9th Cir. 1984), vacated on other grounds, 471 U.S. 148 (1985). In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed...." Fed. R. Evid. 706(a); see also Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Where a party has filed a motion for appointment of a neutral expert witness pursuant to Rule 706, the court must provide a reasoned explanation of its ruling on the motion. See Gorton v. Todd, 793 F.Supp.2d. 1171, 1178-79 (E.D. Cal. 2011). An expert witness may be appropriate if the evidence consists of complex scientific evidence. McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991), vacated on other grounds sub nom., Helling v. McKinney, 502 U.S. 903 (1991).

////

However, "expert witnesses should not be appointed under Rule 706 where not necessary or significantly useful for the trier of fact to comprehend a material issue in a case.... [T]here also must be some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." Id. at 1181. The determination to appoint a neutral expert rests solely in the court's discretion. See McKinney, 924 F.2d at 1511; see also Sanders v. York, 446 Fed. App'x 40, 43 (9th Cir. 2011).

## II. Discussion

First, to the extent that plaintiff seeks appointment of an expert witness for his benefit, the court has no authority to grant him such relief. As set out above, Rule 706(a) of the Federal Rules of Evidence permits the court to appoint only neutral expert witnesses. Honig, 736 F.2d at 549. Furthermore, "28 U.S.C. § 1915, does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11. Thus, if the court were able to appoint an expert witness in this action, the expert would be appointed to assist the court, and not to act on plaintiff's behalf.

Second, to the extent that plaintiff seeks appointment of a neutral expert witness, his motion is premature. A neutral expert witness may be necessary where there is "some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." Gorton, 793 F. Supp. 2d at 1181. No such evidence has been filed in this action. At this time, there are no pending matters on which the court may require special assistance, such as to resolve a motion for summary judgment.

Furthermore, plaintiff's claim of excessive force, and his damages resulting therefrom, should not be so complex as to require an expert witness to present or prove the case. See, e.g., Noble v. Adams, No. 103CV-05407AWI-SMSPC, 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's request to appoint medical expert witness in section 1983 action because "the issues are not so complex as to require the testimony of an expert"); Lopez v. Scribner, 2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying plaintiff's request to appoint medical expert witness in § 1983 action because "the legal issues involved in this action are not particularly complex."). Plaintiff's request for appointment of an outside doctor will be denied.

# REQUEST FOR INSPECTION

Plaintiff also filed a document entitled "Request for Inspection." (ECF No. 27.) Therein, plaintiff essentially seeks discovery from defendant. Plaintiff is advised that the court's permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

Plaintiff is directed to Rules 31 through 36 of the Federal Rules of Civil Procedure. They provide the different methods plaintiff may use to seek discovery from defendant. To the extent plaintiff seeks a court order in his Request for Inspection, it will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 26) is denied;
2. Plaintiff's motion for the appointment of an outside doctor (ECF No. 28) is denied; and
3. Plaintiff's request for inspection (ECF No. 27) is denied.

Dated: December 19, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/brow0177.31

4